[No. 18030.    Department Two. — March 8, 1893.]

## POSACHANE WATER COMPANY, APPELLANT, *v.* T. W. STANDART ET AL., RESPONDENTS.

WATER RIGHTS — DIVERSION — JUSTIFICATION UNDER PRIOR RIGHT OF ONE DEFENDANT — CONVEYANCE OF DITCH AND APPURTENANCES TO CORPORATION. — In an action to restrain the diversion of water of a stream, where the defendants defend and justify their acts under and by virtue of a prior right in one of the defendants to a ditch and water right, it is immaterial whether the strict legal title to the ditch or water right, or both, is in the said defendant individually, or is in a corporation to which a conveyance of the ditch and appurtenances had been made.

ID. — PLEADING — ANSWER — RIPARIAN RIGHTS — PRIOR APPROPRIATION — OMISSION IN FINDINGS — APPEAL. — The failure of the trial court to find upon certain riparian rights set up in the defendants' answer will not warrant a reversal of a judgment for the defendants, upon appeal of the plaintiffs, where the other facts found sustain the judgment of the court as to the priority of the water rights acquired by appropriation under which the defendants claim.

ID. — EVIDENCE — OPINION AS TO GRADE OF DITCH. — The opinion of a witness as to the grade per mile of a water-ditch is admissible, although

subject to be overcome by any more accurate information which may be produced by the opposing party.

ID. — MEASUREMENT OF CAPACITY OF DITCH — LEAST CARRYING CAPACITY. — Where a ditch is intended to supply, and does supply, water for use at various points along its course, the latter part of the ditch need not be so large as the first part; but the general rule for measuring the capacity of a ditch (making due allowance for evaporation, seepage, etc.) is the amount of water that it will carry from the point of diversion to the point of use, and the point of least carrying capacity fixes the general capacity of the ditch; and this rule applies where it does not appear that the water was intended to be used along its course, before it reaches the point at which the size of the ditch was decreased, the intention apparently being to supply first the homestead of the appropriator beyond the point of contraction.

ID. — FINDING AGAINST EVIDENCE. — A finding to the effect that the ditch of the defendants was 27 feet wide on top, 20 feet on the bottom, and 30 inches deep, and had a grade of 7 feet to the mile, and being of that size and grade, carried 427 cubic feet of water per second, is not justified by the evidence, where the strongest evidence on behalf of the defendants shows that the ditch was only 16 feet wide at the top in some places, and was smaller still in other places; and the only definite evidence as to the amount of water a ditch of a given size and grade could carry showed that such a ditch could not possibly carry as much as 427 cubic feet of water per second.

ID. — APPEAL — MODIFICATION OF JUDGMENT — FINDINGS — NEW TRIAL. — The appellate court will not modify a judgment upon appeal, where, in order to do so, it must make a finding different from that made by the court below, but will reverse the judgment and remand the cause for a new trial.

APPEAL from part of a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*W. D. Tupper,* for Appellant.

*Sayle & Caldwell,* and *J. B. Campbell,* for Respondents.

McFARLAND, J. — This case involves the conflicting claims of the parties to the waters of Posachane Creek. It is averred in the complaint that since 1886 plaintiff and its grantors have been the owners of a certain ditch, through which they have diverted and carried the waters of said creek, and used the same for beneficial purposes; and that in December, 1890, the defendants wrongfully

constructed a dam near the head of said ditch, by which they completely prevented the flow of any water into the same from said creek, etc. The defendants are T. W. Standart and several other natural persons; and they aver, substantially, that said Standart constructed a ditch, and acquired the right to divert the waters of said creek through said ditch, in 1885; that said ditch and water right of said Standart were prior and superior to any right of plaintiff or its predecessors to any of the waters of said creek; and that defendants rightfully did the acts complained of in the complaint, under and by virtue of said prior right of said Standart. The court found in favor of the priority of said right under which the defendants claim, and found that the ditch constructed by Standart in 1885 " was twenty-seven feet in width at the top, twenty feet in width at the bottom, and thirty inches in depth, and that by means of said ditch and canal, so constructed as aforesaid, the said T. W. Standart did, on or about the first day of March, 1885, appropriate and divert four hundred and twenty-seven (427) cubic feet of water per second, flowing and to flow on a grade of seven feet to the mile." The court also found that plaintiff and its grantors had acquired and appropriated of the waters of said creek one thousand cubic feet of water per second, but that " their said appropriation of water, and the right to the use thereof, was and is subsequent and inferior to the appropriation of the defendant T. W. Standart of 427 cubic feet of said water." Judgment was entered accordingly, and plaintiff appeals from the judgment, except that part thereof which awards plaintiff its costs of suit, and also from an order denying plaintiff's motion for a new trial.

We see no errors committed by the court in arriving at the conclusion that the said T. W. Standart had a prior right to *some* of the waters of said creek. Appellant contends, among other things, that the court erred in holding that said Standart was the owner of said prior right, because it appeared that he had conveyed whatever right thereto which he may have had to a corpo-

ration called the Standart Ditch Company. In their original answer the defendants averred that said defendant Standart had conveyed his ditch and water right to said corporation, and that they did the acts complained of by plaintiff as officers, agents, employees, etc., of said Standart Ditch Company; but during the progress of the trial the defendants amended their answer by striking out the averment of conveyance to said corporation, thus leaving the title to the ditch and water right in said T. W. Standart. This amendment was made (and allowed by the court) upon an affidavit of said Standart that he had made a conveyance by which he intended to convey said ditch and water right to said corporation; but that he had been informed by his attorneys that said conveyance was only of the ditch, and did not carry the water right. The conveyance in question granted to the said corporation the ditch of said Standart, particularly describing it, and immediately after the description contained these words, " together with all and singular hereditaments and appurtenances thereunto belonging or in any wise appertaining, and the reversion and reversions, remainder and remainders, rents, issues, and profits thereof." And appellant contends that by this conveyance the water right was conveyed to the corporation as an appurtenant to the ditch. Respondents contend that such was not the effect of the deed; and the question thus presented is argued at length by counsel. Such a question might possibly be embarrassing if raised between grantor and grantee in such a conveyance; but we do not see how, in the case at bar, the plaintiff is at all affected by the question. The defendants defended their acts under said ditch and prior water right acquired by said T. W. Standart; and their acts were justified, whether the strict legal title to the ditch or the water right, or both, was in the said Standart individually or in the said corporation. With respect to this matter, therefore, we see no error committed by the court.

The defendants set up in their answer certain rights

as owners or occupants of lands situated within what is called the Posachane Sinks; and appellant contends that the judgment should be reversed because there is no finding as to that matter. But as the court does not base any of the rights of respondents upon their alleged ownership in said Posachane Sinks, and entirely ignores such rights, appellant is not injured by the failure of the court to find anything upon that subject, if the other facts found sustain the judgment of the court as to the priority of the water rights under which respondents claim.

Respondent asked the witness Standart if he knew what the grade of the ditch was at a certain point; and he answered that he thought it was about six feet to the mile, and that the usual grade of the country at that place was from six to eight feet to the mile. Appellant moved to strike out this testimony, and contends that the court erred in overruling its motion. Appellant's point as to this matter seems to be, that as the grade of the ditch may be ascertained with absolute certainty, therefore the judgment of a witness as to such grade is not admissible. This position is not tenable; the judgment of a witness as to such a matter is always admissible, — subject, of course, to be overcome, by the other side, by more accurate information, if such can be produced.

But the finding of the court as to the amount of water diverted by the Standart ditch prior to the vesting of appellant's water rights in the creek is not sustained by the evidence. The finding that the Standart ditch, in 1885, diverted " 427 cubic feet of water per second, flowing and to flow on a grade of 7 feet to the mile," is rather confusing; for if it actually diverted 427 feet, it matters not what its grade was. We suppose that the whole finding (finding 3) means that the ditch was 27 feet wide on top, 20 feet on the bottom, and 30 inches deep, and had a grade of 7 feet to the mile; and that, being of that size and grade, it carried 427 cubic feet of water per second. In the first place, there is no evidence that the ditch along its entire course was of the

dimensions found by the court.   The strongest evidence
for respondents on the point was the testimony of T. W.
Standart himself; and he only testified that "for a dis-
tance of a quarter to one third of a mile" the ditch was
twenty-seven feet wide "from the top of one embank-
ment to the top of the other"; that for the next half-
mile it was only sixteen feet wide, and beyond that still
smaller.   Now the general rule is, that (making due
allowance for evaporation, seepage, etc.) the capacity of
a ditch is measured by the amount of water which it
will carry from the point of diversion to the point of
use; and the point of least carrying capacity fixes the
general capacity of the ditch.   It is true, if a ditch is
intended to supply, and does supply, water for use at
various points along its course, the latter part of the
ditch need not be so large as the first part; but in the
case at bar it does not appear that the water was in-
tended to be used before it reached the point at which
the size of the ditch was decreased, the intention appar-
ently being to supply first the land of the homestead of
Standart, which was beyond the point of contraction.
We think, therefore, that Standart, under the evidence,
did not acquire a prior right to the amount of water
which a ditch of the dimensions described in the find-
ings would carry.

But if we assume that he did construct a ditch in
1885, which along its entire course was of the size and
grade found by the court, still, under the evidence, it
could not possibly have carried 427 cubic feet per sec-
ond.   The only definite evidence as to what amount of
water a ditch of a given size and grade will carry is
found in the testimony of respondents' witness Hughey,
who is a civil engineer and surveyor.   He testified upon
the subject as follows: "Taking the width at 30 feet, the
bottom at 20 feet, the depth at 3 feet, and the grade at
10½ feet to the mile, the discharge would be in cubic
feet flowing per second 426 75-100.   A ditch with a
width of 27 feet across the top, 20 feet on the bottom,
with a depth of 3 feet, and a grade of 10½ feet to the

XCVII. CAL.—31

mile, the discharge of cubic feet flowing per second 400 feet and 44-100." From this testimony it is clear that snch a ditch as that found by the court, to wit, 27 feet at the top, 20 feet on the bottom, 30 inches in depth, and with a grade of only 7 feet to the mile, could not possibly carry as much as 427 cubic feet of water per second. The finding of the court, therefore, as to the amount of water to which respond'ents had a right prior, and superior to that of appellant, is clearly erroneous, and for this reason the judgment must be reversed.

Counsel for respondents suggest that if the amount of water found by the court to be embraced by the prior right of respondents be too large, this court might modify the judgment by reducing that amount. But by that course this court would be making a finding for the court below, which it cannot do. And the different rights and contentions of the parties are so mixed and interlaced in the findings and judgment, that we do not see how there could be a partial approval of the findings or affirmance of the judgment. The entire rights of the parties can be better readjusted and established by a retrial of the whole case.

The judgment and order appealed from are reversed, and the cause remanded for a new trial.

DE HAVEN, J., and FITZGERALD, J., concurred.